IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH E. MORRIS, # 163573, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv360-MHT |
| | ) [WO] |
| KARLA JONES, *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Kenneth E. Morris ("Morris"), on May 16, 2016. Morris challenges his convictions for first-degree rape, first-degree kidnapping, and sexual torture obtained in a 2012 jury trial in the Circuit Court of Houston County. The respondents argue that Morris's petition is time-barred by AEDPA's one-year limitation period. *See* Doc. Nos. 9 & 11. The undersigned agrees with the respondents and finds that Morris's petition is untimely and should be denied without an evidentiary hearing.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On September 14, 2012, a Houston County jury found Morris guilty of one count of first-degree rape, in violation of § 13A-6-61, Ala. Code 1975; one count of first-degree kidnapping, in violation of § 13A-6-43, Ala. Code 1975; and one count of sexual torture, in violation of § 13A-6-65.1, Ala. Code 1975. On October 23, 2012, the trial court sentenced Morris to consecutive 80-year sentences for the rape and kidnapping convictions; on September 9, 2013, after remand, the trial court sentenced Morris to a concurrent 80-year sentence for the sexual-torture conviction. Doc. No. 9-1 at 91–93; Doc. No. 9-8 at 5–11.

Morris appealed, arguing that (1) there was insufficient evidence to sustain his rape and kidnapping convictions; (2) the prosecution improperly introduced character evidence in violation of Ala.R.Evid. 404(b); and (3) the trial court erred by failing to give the jury a limiting instruction on prior-bad-acts evidence. On November 1, 2013, the Alabama Court of Criminal Appeals affirmed Morris's convictions and sentence by memorandum opinion. Doc. No. 9-11. Morris did not apply for rehearing or file a petition for writ of certiorari with the Alabama Supreme Court. On November 20, 2013, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. No. 9-12.

Subsequently, Morris filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 9-13 at 9–46. The Rule 32 petition was accompanied by an application to proceed *in forma pauperis* ("IFP"). Doc. No. 9-13 at 68–70. In his Rule 32 petition, Morris represented by his signature that he executed the petition on April 10, 2014. Doc. No. 9-13 at 16. The trial

court denied Morris's IFP application on May 6, 2014. Doc. No. 9-13 at 6 & 8. Morris subsequently submitted the requisite $266 filing fee on July 7, 2014. Doc. No. 9-13 at 6. The trial court clerk stamped the petition as filed on July 7, 2014. Doc. No. 9-13 at 9.

Morris's Rule 32 petition presented claims that (1) there was insufficient evidence to sustain his convictions; (2) his convictions for rape and sexual torture violated double jeopardy; (3) his sentence for sexual torture was illegal; and (4) his trial and appellate counsel rendered ineffective assistance. The trial court denied Morris's Rule 32 petition on August 13, 2014. Doc. No. 9-13 at 82. Morris appealed, and on March 6, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Doc. No. 9-16. That court overruled Morris's application for rehearing on June 5, 2015. Doc. Nos. 9-17 & 9-18. Morris filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 10, 2015. Doc. Nos. 9-19 & 9-20. That same date, a certificate of judgment was issued. Doc. No. 9-20.

Morris filed the instant 28 U.S.C. § 2254 petition on May 16, 2016.[2] As indicated above, the respondents argue that Morris's petition is time-barred under the one-year federal limitation period.

### III. ANALYSIS

---

[2] Morris's § 2254 petition presents claims that (1) there was insufficient evidence to sustain his rape and kidnapping convictions; (2) the prosecution improperly introduced character evidence in violation of Ala.R.Evid. 404(b), and the trial court erred by failing to give the jury a limiting instruction on the use of prior-bad-acts evidence; (3) his sentence for sexual torture was illegal; and (4) his trial and appellate counsel rendered ineffective assistance. Doc. No. 1.

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for § 2254 petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Where a state prisoner appeals his conviction to the Alabama Court of Criminal Appeals but does not seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) of AEDPA on the date the time for seeking that review expires. *See Gonzalez v. Thaler*, 565 U.S. 134 (2012). Here, the Alabama Court of Criminal Appeals affirmed Morris's convictions on November 1, 2013. Morris filed no

4

petition for a writ of certiorari in the Alabama Supreme Court. He filed no application for rehearing in the Alabama Court of Criminal Appeals, either. An application for rehearing filed in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. Ala.R.App.P. 39(c)(1); 40(d)(1). Accordingly, the time for Morris to seek direct review of his conviction expired, and his conviction became final for purposes of § 2244(d)(1)(A), on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *See Charley v. Estes*, 2015 WL 2354258, at *8 (N.D. Ala. May 14, 2015) (petitioner's conviction became final when time for filing application for rehearing in Alabama Court of Criminal Appeals expired). That date was 14 days after the Alabama Court of Criminal Appeals issued its decision affirming Morris's convictions, or November 15, 2013. *See* Ala.R.App.P. 40(c). Thus, Morris had until November 17, 2014,[3] absent any tolling of the limitation period, to file a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). Although Morris filed a state Rule 32 petition attacking his conviction and sentence, giving rise to tolling under § 2244(d)(2), this court faces the question of how much tolling Morris benefits from in his case. Because Morris failed to respond to question

---

[3] November 17, 2014, was the first business day after November 15, 2014, which fell on a Saturday.

18 on the standardized Rule 32 petition form, which asks "What date is this petition being mailed?"[4] the respondents, citing Alabama case law, argue that the filing date for Morris's Rule 32 petition should be deemed July 7, 2014, the date the trial court clerk stamped the petition as filed, and not April 10, 2014, the date that Morris represented he signed the petition and submitted it with his IFP application. *See Beamon v. State*, 204 So. 3d 1, 2 n.2 (Ala. Crim. App. 2014) (holding that because Rule 32 petitioner failed to respond to question 18 on the standardized Rule 32 petition form, he forfeited the benefits of the "prison mailbox rule"); *but see Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary in the form of prison logs or other records, the court will assume that a prisoner's petition was delivered to prison officials the day the petitioner says he signed it).

Accepting first, for the sake of argument, the respondents' contention that the filing date of Morris's Rule 32 petition in the trial court was July 7, 2014, that filing, by operation of § 2244(d)(2), tolled the federal limitation period after it had run for 234 days (i.e., from November 15, 2013, to July 7, 2014). The state-court proceedings related to Morris's Rule 32 petition concluded on July 10, 2015, when the Alabama Supreme Court issued a certificate of judgment in the case. On that date, Morris had 131 (i.e., 365 - 234) days remaining within which to file a timely federal habeas petition. AEDPA's limitation period ran unabated for those 131 days, before expiring on November 18, 2015. Morris did not file his § 2254 petition until May 16, 2016, after expiration of AEDPA's limitation period.

---

[4] *See* Morris's Rule 32 petition, Doc. No. 9-13 at 15.

6

Even if this court considers the filing date of Morris's Rule 32 petition to be April 10, 2014 (i.e., the date when Morris represents that he signed the Rule 32 petition), Morris's § 2254 petition was still filed after expiration of AEDPA's limitation period. Under this alternate scenario, the federal limitation period had run for 146 days (i.e., from November 15, 2013, to April 10, 2014) when Morris filed his Rule 32 petition tolling the limitation period under § 2244(d)(2). The limitation period began to run again on July 10, 2015, when the Alabama Supreme Court issued the certificate of judgment in the case. On that date (and under the alternate scenario) Morris had 219 (i.e., 365 - 146) days remaining within which to file a timely § 2254 petition. The limitation period ran unabated for those 219 days before expiring on February 15, 2016[5]—approximately three months before Morris filed his § 2254 petition.

Using either July 7, 2014, or April 10, 2014, as the filing date of Morris's state Rule 32 petition, his § 2254 petition was untimely filed in this court under § 2244(d)(1)(A) of AEDPA. Nothing in Morris's § 2254 petition supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(B), (C) or (D). There is no evidence that an unlawful state action impeded Morris from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Morris submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Morris also presents no claim resting on a "right [that] has been newly recognized by the Supreme

---

[5] February 15, 2016, was the first business day after February 14, 2016, which fell on a Sunday.

Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

In rare circumstances, the federal limitation period may be equitably tolled on grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Morris makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period in this case.

Under the circumstances discussed above AEDPA's one-year limitation period expired before Morris filed his § 2254 petition in this court. And Morris has demonstrated no entitlement to equitable tolling. Therefore, his § 2254 petition should be dismissed as untimely, and his claims are not subject to further review.

### IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 15, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 1st day of June, 2018.

    /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE